

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CONNIE SOTRES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **7:08-cv-00743-UWC** |
| **AVERITT EXPRESS, INC., et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION DENYING MOTIONS TO DISMISS

Presently before the Court are Defendant Team One Contract Services'("Team One") and Defendant i3 Logistics' ("i3") Motions to Dismiss (Doc. 11 and Doc. 25.) For the reasons outlined below, their motions are summarily DENIED.

## FACTS AND PROCEDURAL HISTORY

In the above-styled case, Plaintiff has alleged discrimination claims under Title VII, 42 U.S.C. 2000e *et seq.*, sexual harassment and retaliation claims under 42 U.S. C. 1981(a), and state law claims of negligent and/or wanton supervision (Count III), invasion of privacy (Count IV), assault and battery (Count V), and

failure to provide a safe workplace, negligent and/or wanton hiring, training, supervision and/or retention (Count VI).  Plaintiff has voluntarily dismissed her worker's compensation claim (Doc. 6.)

## DISCUSSION

In their essentially identical motions, Team One and i3 ("Defendants") assert the Court should dismiss Plaintiff's remaining state law claims because (A) they are not part of the "same case or controversy" as the federal Title VII claims (*See* 28 U.S.C. 1367 (outlining district courts' supplemental jurisdiction)); and (B) they are excluded under the state law worker's compensation laws (*See* ALA. CODE § 25-5-52 (outlining the exclusions to all employment related claims)). Additionally, Defendants claim that the Court should decline to exercise its supplemental jurisdiction because the state law claims will predominate over the federal claims and the jury will be confused by the combination of state and federal issues (*See, e.g.*, i3's Br. at 12.)

*(A) Supplemental Jurisdiction*

Foremost, Defendants' first contention that the remaining state law claims are not part of the "same case or controversy" as the Title VII claims is clearly without merit.  Plaintiff has undeniably alleged state law claims in her complaint that arise out of the same course of sexually harassing conduct as her Title VII

claims. She was sexually harassed and ultimately raped by her manager, Michael Boone, despite complaints to her immediate supervisor. (Compl. at 2.) After complaining of the events, Plaintiff claims the Defendant companies took adverse employment actions against her. Because Plaintiff is proceeding on her state law claims under theories of *respondeat superior* and other agency principles, the evidence for both claims will obviously significantly overlap. Thus, they unquestionably share a "common nucleus of operative fact" such that the district court should exercise its supplemental jurisdiction over them. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

As a side note, the Court sees no reason to decline to exercise its supplemental jurisdiction over the state law claims for the additional reasons urged by the Defendants. The Court sees scant likelihood that the combination of federal and state claims would confuse a jury. In fact, district courts in the Eleventh Circuit routinely exercise supplemental jurisdiction over state law claims of battery, assault, and invasion of privacy when those claims are combined with Title VII claims. *See Mills v. Wex-Tex Industries, Inc.*, 991 F. Supp. 1370, 1376 (M.D. Ala. 1997); *Sears v. PHP of Alabama Inc.*, 2006 WL 932044, 1 (M.D. Ala. 2006). Moreover, at this stage in the litigation, it is far from clear whether the state law claims will predominate over the Title VII claims.

*(B) Exclusivity Provisions*

Likewise, Defendants' assertion that the action is barred by the exclusivity provisions of the Alabama Workmen's Compensation Act also fails. The exclusivity provisions of the Act are found at Ala. Code 1975, §§ 25-5-52 and 25-5-53.

Section 25-5-52 provides:

No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article.

Section 25-5-53 provides, in part:

The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death. Except as provided in this article and article 2, as the case may be, of this chapter, no employer included within the terms of this chapter shall be civilly liable for any personal injury or death of any workman who is an employee of the employer and whose injury or death is due to an accident while engaged in the service or business of the employer, the cause of which accident originates in the employment.

Defendants argue that § 25-5-52 and § 25-5-53 are a complete bar to the

plaintiffs' state law claims against it.  As the Alabama Supreme Court rightly noted in *Busby v. Truswal Systems Corp.* 551 So.2d 322, 324 -325 (Ala. 1989), "[b]oth § 25-5-52 and § 25-5-53 immunize employers from tort liability when an employee is injured during his employment due to an 'accident.'"  An "accident" is defined at Ala. Code 1975, § 25-5-1(8), as "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means." *Id*.

Foremost, Defendants' argument fails because  Plaintiff's state law claims do not arise out of any "accident," as defined by the Code.  Rather, the claims arise out of alleged sexual harassment and rape, which, by their very definition, are not accidental.  Thus, the exclusivity provisions do not appear to be applicable at all to the claims in this case.

Secondly, if the Court were to dismiss the state law claims here, when Plaintiff's claims appear to be  predominately psychological in nature, Plaintiff would be left with no remedy even though she has allegedly been subjected to sexual harassment, unwanted touchings, and an invasion of her right to privacy. The Court in *Busby* noted that "[r]ead literally, the Act provides compensation only for physical injuries to the body and does not provide recovery for purely

psychological injuries such as those alleged in the present case." *Id*. at 325.

## CONCLUSION

It is well settled that a "motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Defendants have clearly failed to meet this burden and their Motions to Dismiss are due to be DENIED.

Done the 8th day of July, 2008.

_____
U.W. Clemon
United States District Judge